UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY BRUNSON, United States of America ex rel.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>THE LAMBERT FIRM PLC,<br><br>Appellee,<br><br>and<br><br>BECHTEL NATIONAL, INC.; BECHTEL CORPORATION; URS CORPORATION; and URS ENERGY AND CONSTRUCTION, INC.,<br><br>Defendants-Appellees. | NO. 17-35402<br><br>BECHTEL/URS'S RESPONSE TO APPELLANTS' MOTION TO FILE SEPARATE OVERLENGTH BRIEFS AND SEPARATE EXCERPTS OF RECORD<br><br>**(FILED UNDER SEAL)** |

A. <u>Introduction</u>

The request of appellants Gary Brunson, Government Accountability Project, Inc. ("GAP"), Project on Government Oversight, Inc. ("POGO"), and Curtis Hall[1] for permission to file two separate briefs and two separate excerpts of record should be denied. The motion fails to comply with the requirements of Circuit Rule 32-2(a)

---

[1] Counsel for appellant Brunson is also counsel for GAP/POGO/Hall.

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 1

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

and makes no showing of the type of exceptional circumstances that could conceivably justify the submission of 20,000 words of briefing. In addition, the principal rationale for the request offered in support of the motion—the assertion that the record in this case can be neatly segregated into two disparate halves, one sealed and the other unsealed—is flatly incorrect.

This motion is nothing more than a baseless plea to file what this Court has called a "fat brief"—a ploy that is strongly disfavored by this Court. Bechtel and URS respectfully request that the Court deny the motion and direct appellants to file a single 14,000-word brief, as well as a single excerpt of the record, in accordance with Fed. R. App. P. 32 and attendant Circuit rules.

B. <u>Analysis of Factual Assertions in Motion</u>

If granted, the motion would effectively separate appellants' appeal into two appeals, thus allowing them to submit entirely separate (and significantly expanded) briefing on each issue.[2] They attempt to make much of the fact that they must address two issues on appeal, but fail to explain how that commonplace fact makes

---

[2] This motion is difficult to reconcile with appellants' opposition to the pending Bechtel/URS motion to dismiss, in which they attempt to defend the fact that GAP/POGO/Hall purported to "amend" an earlier notice filed solely by Brunson by essentially arguing that this case consists of a single unified appeal. *See, e.g.*, Appellants' Opposition to Bechtel and URS's [Sealed] Motion for Dismissal of GAP, POGO, and Hall's Appeal from the District Court's April 12, 2017 Order (Docket Entry 18), at p. 4: "Joinder into single rather than multiple appeals and notices of appeal are [sic] favored."

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 2

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

this case any different from the many other cases involving two, three, or even four or more appellate issues that are routinely litigated before this Court in compliance with the established briefing limitations. Brunson and GAP/POGO/Hall make no effort to demonstrate that there is "something unusual" about the "the issues presented, the record, the applicable case law or some other aspect of the case." *See United States v. Molina-Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002). They likewise simply ignore the requirement of Cir. R. 32-2(a) that a motion for expanded briefing must be accompanied by "a declaration stating in detail the reasons for the motion."

Instead, they place heavy reliance on their unsupported contention that the record relevant to the attorney fee issue can be entirely unsealed and separated from the record on the confidential sealed issues. *See, e.g.*, motion at 4: "This brief [on the attorney fee issue] will not require discussion of documents under seal by the District Court." Thus, they assert, there should be two separate excerpts of record, "one sealed but the other unsealed." *Id.* at 6.

Even if this assertion were correct, it is difficult to see how it could justify an expansion of the briefing limitations. Nothing in the applicable rules supports that conclusion. In any event, the assertion is false. At least *thirteen separate filings* in the district court record that are directly relevant to the attorney fee issue were ordered sealed by the district court because they reference confidential information

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 3

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

relating to the terms and/or existence of the supplemental settlement agreement between Bechtel, URS, and Brunson and his fellow relators (the subject matter of the "confidential issue" that is obliquely referenced in appellants' unsealed motion). The following is a list of those sealed filings, many of which address *both* the attorney fee issue and the settlement-related confidential issues, and all of which should remain sealed during the pendency of this appeal:

- ECF No. 46: Relator Gary Brunson's Motion for Declaratory Relief re Attorney's Fees and Settlement.

- ECF No. 51: Stipulations by the Lambert Firm PLC and Gary Brunson re Motion for Declaratory Relief.

- ECF No. 57: Declaration of Hugh P. Lambert, Esq.

- ECF No. 58: Declaration of Emily C. Jeffcott, Esq.

- ECF No. 59: Relators' Response to Gary Brunson's Motion for Declaratory Relief.

- ECF No. 63: [Proposed] Order Entering Declaratory Judgment as to Attorneys' Fees.

- ECF No. 69: Relator Gary Brunson's Reply to Lambert Firm PLC Response to Motion for Declaratory Relief.

- ECF No. 72-1: Declarations of Relators Donna Busche and Walter Tamosaitis, Ph.D.

- ECF No. 75: Relators' Sur Reply to Gary Brunson's Motion for Declaratory Relief.

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 4

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

- ECF No. 77: The District Court's March 21, 2017 Order Regarding the Sealed Hearing.

- ECF No. 94: The Sealed Transcript of the March 21, 2017 Hearing.

- ECF No. 96: Relators' Response to Gary Brunson's Motion to Determine Reasonable Attorney's Fees.

- ECF NO. 105: Relator Gary Brunson's Reply re Motion to Determine Reasonable Attorney's Fees.

In short, the attorney fee issue, like the other issues on appeal, is inextricably intertwined with the sealed record in this case.

C. Argument Why the Motion Should Be Denied

(1) Overlength Briefing is Disfavored

This Court's posture towards overlength briefs is unambiguous: "The Court looks with *disfavor* on motions to exceed the applicable page or type-volume limits. Such motions will be granted only upon a showing of *diligence* and *substantial need*." Circuit Rule 32-2(a) (emphasis added). In *Molina-Tarazon*, this Court rejected the Government's motion to file an overlength petition for rehearing *en banc*, observing that counsel's mere belief that she/he has made every effort to meet the space limitations is not enough to satisfy the rule. "To satisfy this standard, counsel must show that the additional space is justified by something unusual about

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 5

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

the issues presented, the record, the applicable caselaw or some other aspect of the case." *Id.* at 808. Indeed, in *Cuevas v. Hartley*, 835 F.3d 892, 893(9th Cir. 2016), Judge Kozinski noted that he does not "feel bound to read beyond the 14,000 words allowed by our rules." He decried the practice of routinely filing overlength submissions:

> I do not consent to the filing of a fat brief .... This has become a common and rather lamentable practice: Instead of getting leave to file an oversized brief before the deadline, lawyers wait for the last minute to file chubby briefs and dare us to bounce them. Of course, it's hard to decide cases without a brief from one of the parties, and denying the motion usually knocks the briefing and argument schedule out of kilter. Denying the motion is thus more trouble than allowing the brief to be filed and putting up with the additional unnecessary pages. Sly lawyers take advantage of this institutional inertia to flout our page limits with impunity. This encourages disdain for our rules and penalizes lawyers, like petitioner's counsel, who make the effort to comply.

*Id.* at 892-93 (Kozinski, J, dissenting).

(2) <u>Appellants Cannot Show the Requisite Diligence</u>

As noted above, a motion to exceed the 14,000-word limit on opening briefs established in Fed. R. App. P. 32(a) "will be granted only upon a showing of diligence and substantial need." Cir. R. 32-2(a). It is clear that Brunson and GAP/POGO/Hall have failed to demonstrate either diligence or substantial need within the letter and the spirit of Rule 32-2(a). Focusing first on their lack of diligence, they have wholly failed to comply with the requirements of the rule. First,

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 6

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

they fail to provide a declaration "stating in detail the reasons for the motion." *Id.* Second, their motion is not "accompanied by a single copy of the brief [or in this case briefs] that the applicant proposes to file and a Form 8 certification as required by Circuit Rule 32-1 as to the word count." *Id.* In short, Brunson and GAP/POGO/Hall have made no effort whatsoever (let alone a "diligent" one) to comply with either the formal requirements of Rule 32-2 or the applicable word limitations, and instead simply express a general desire to be awarded an extra 6,000 words without demonstrating any legitimate reason why the expanded limits might be necessary.

(3) Appellants Cannot Show Substantial Need

Brunson and GAP/POGO/Hall never mention, let alone argue, the concept of "substantial need." And in fact, within the meaning of Circuit Rule 32-2(a) and this Court's decision in *Molina-Tarazon*, there is nothing special about the facts or legal issues here that could possibly warrant 6,000 more words of briefing.[3] The district court's decision faithfully applied well-established principles of law under the False Claim Act, the sealing of records, and the disposition of fees. Appellants' motion does not claim otherwise.

---

[3] Brunson and GAP/POGO/Hall also do not address Circuit Rule 32-2(b), a rule permitting an automatic 1,400 additional words when certain joint briefs are filed.

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 7

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

D.  Conclusion

The motion filed by Brunson and GAP/POGO/Hall does not comply with the Circuit Rules; nor does it satisfy the strict legal standards for overlength briefing. It is nothing more than a tactical exercise to secure what amounts to a "fat brief." This Court should treat this case as a single appeal and require the filing of a single 14,000-word brief accompanied by a single excerpt of record.

DATED this 31st day of August, 2017.

/s/ Philip A. Talmadge
Philip A. Talmadge, WSBA #6973
Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

*Attorneys for Appellees Bechtel National, Inc. and Bechtel Corporation*

Marisa M Bavand, WSBA #27929
300 E. Pine Street
Seattle, WA 98122
(206) 628-9500

*Attorneys for Appellees URS Corporation and URS Energy & Construction, Inc.*

Response to Motion to File Separate
Overlength Briefs and Excerpts of Record - 8

Talmadge/Fitzpatrick/Tribe
2775 Harbor Avenue SW
Third Floor, Suite C
Seattle, WA 98126
(206) 574-6661

9th Circuit Case Number(s) | 17-35402

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*******************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Aug 31, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Tammy M. Sendelback

*******************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)